IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ERIC DILWORTH                                                                                                PLAINTIFF

V.                                                                              CIVIL ACTION NO.1:17cv63-SA-DAS

TISHOMINGO COUNTY SHERIFF DEPARTMENT
And SCRIBD.COM                                                                                            DEFENDANTS

REPORT AND RECOMMENDATION

On August 10, 2017, the plaintiff appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

The following summary of the facts is derived from the plaintiff's complaint as supplemented by his testimony at the hearing. The plaintiff was indicted and arrested in Tishomingo County, Mississippi. The circuit judge presiding over the case in state court later entered an order expunging the record of his arrest and the indictment. Dilworth alleges that after being notified by the circuit clerk of the entry of the order of expungement, someone with the Tishomingo County Sheriff's Department posted an earlier newspaper article about the arrest and indictment on Scribd.com, a digital library. He testified that he had asked Scribd.com to remove the article and the company refused. He names the Tishomingo County Sheriff's Department and Scribd.com as defendants.

First, it is noted that the Tishomingo County Sheriff's Department is not a suable entity. Rule 17(b) of the Federal Rules of Civil Procedure Mississippi law governs the determination of the capacity to sue and be sued. Under that law, the Sheriff's Department has no legal identity separate and apart from the county it serves. *Brown v Thompson*, 927 So.2d 733 (Miss. 2006).

*Darby v. Pasadena Police* Department, 939 F.2d 311 (5th Cir. 1991); *Malatesta v. Tunica County Sheriff's Dept.*, 1996 WL 408068. *1 (N.D. Miss. June 14, 1996)(City police department dismissed because it had no legal existence for the purposes of § 1983 litigation); *Breland v. Forrest Cnty. Sheriff's Dep't*, No. 2:10-CV-303-KS-MTP, 2013 WL 1623997, at *4 (S.D. Miss. Apr. 15, 2013) (quoting *Fuhgetaboutit, LLC v. Columbus Police Dep't*, No. 1:10CV207-SA-JAD, 2011 WL 4529665, at *2 (N.D. Miss. Sept. 28, 2011)). *Whiting v. Tunica County Sheriff's Dept.*, 222 F.Supp.2d 809 (N.D.Miss.2002), overruling recognized on a different issue in *Montgomery v. Mississippi,* 498 F.Supp.2d 892 (S.D.Miss. 2007)(The sheriff's office was not amenable to suit according to Mississippi law, because the plaintiff failed to show it enjoyed an existence separate from the county.)   Therefore, the complaint has not named a proper Mississippi defendant.

Additionally the complaint fails to state a claim, plausible on its face, against any defendant.   A complaint is subject to being dismissed under Rule 12(b)(6) if "no relief could be granted under any set of facts to be proved consistent with the allegations."   Where no relief is due under any set of facts that can be proved consistent with the allegations of the complaint, the complaint should be dismissed.   *Hishon v. King & SpaldingI,* 467 U.S. 69, 74 (1984).   To avoid dismissal a plaintiff's factual allegations must rise to a level higher than speculation.   *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   A complaint is facially plausible if the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Ashcroft*, 129 U.S. at 678.   The court finds that the allegations in the complaint do not state

The plaintiff has not stated a claim under Mississippi law for defamation against any defendant. Because the report made to Scribd.com was not factually erroneous, the dissemination of the report is not actionable, regardless of any distress the plaintiff may suffer or any additional

2

damage that may occur to his reputation. *Samsel v. Desoto County School District*, 242 F. Supp. 3d 496 (N.D. Miss. 2017). A defamation claim requires the plaintiff to prove: 1) a false and defamatory statement regarding the plaintiff; (2) unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or existence of special harm caused by publication other the defamatory statement. *Id.* at 534, citing *Armistead v. Minor*, 815 So.2d 1189, 1193 (Miss. 2002). Because the republished newspaper article is accurate, under Mississippi law, even leaving aside the potential for immunity and jurisdictional defenses, the complaint fails to state a claim.

Furthermore, even if the plaintiff could state a claim under state law for defamation, such a claim would not give rise to a claim under 42 U.S.C. § 1983. Scribd.com is not alleged to be a state actor, nor alleged to be acting in concert with any state actor and therefore cannot have any liability to Dilworth under 42 U.S.C § 1983. *Moody v. Farrell*, 868 F.3d 348 (5th Cir. 2017). Additionally, even if the plaintiff had properly identified a state actor as a defendant, the United States Supreme Court held in *Paul v. Davis*, 424 U.S. 693 (1976) that no constitutional doctrine was available to convert "every defamation by a public official into a deprivation of liberty within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment. *Id.* at 1161. Therefore even if the publication were false, there is no constitutional basis for a claim under 42 U.S.C. § 1983 against the unknown officer.

The plaintiff's complaint does include allegations that the actions of the unknown Sheriff's deputy or other employee in allegedly forwarding this information to Scribd.com violated Mississippi statutes, specifically Mississippi Code Ann. § 43-21-265 and § 41-29-139. Neither statute has any arguable application to the facts of this case. The first statute deals primarily with penalties for assorted drug offenses, but does allow for the expungement of convictions for certain

marijuana offenses. The other statute addresses procedures for the destruction of youth court records. Dilsworth's expungement would have been ordered pursuant to § 99-19-71 Miss. Code Ann., which directs that the records of an arrest shall be expunged, on request, if "the person arrested was released and the case dismissed or the charges were dropped or there was no disposition of the case." While the applicable statute provides a statutory basis for the relief given to Dilworth by the state court, it does not prohibit the actions complained of here. Assuming the truth of Dilworth's allegations, the unknown Sheriff's deputy forwarded a newspaper article to Scribd.com, not any official record. Nothing in the statute addresses or prohibits the conduct alleged in the complaint. Nothing in the statute imposes any confidentiality or 'gag order' regarding the fact of an arrest on anyone. Dilworth has not alleged that there was any failure to expunge the official records. Nothing in the applicable statute provides any basis for creating a private cause of action against any state defendant.

While the court can understand Dilworth's frustration with the alleged acts of a sheriff's deputy which seems to violate the spirit, if not the letter of the law on expungement, Scribd.com stands accused of republishing an accurate newspaper account of Dilworth's arrest and the charges placed against him, an account already in the public domain. It is accused of refusing to take it down in response to Dilworth's request and his advice to Scribd that a Mississippi court had ordered the official records expunged. This complaint simply fails to alleged any tortious or wrongful conduct on the part of this defendant. The complaint against Scribd.com should be dismissed for failure to state a claim.

Having concluded that one of the defendants is not a suable entity under Mississippi law and that the complaint fails to state a claim against anyone, the undersigned recommends that this action be dismissed.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 28th day of November, 2017.

                                                      s/ DAVID A SANDERS
                                            UNITED STATES MAGISTRATE JUDGE