IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ERIC DILWORTH                                                                                          PLAINTIFF

V.                                                                       CIVIL ACTION NO.: 1:17-cv-63-SA-DAS

TISHOMINGO COUNTY SHERIFF DEPARTMENT and
SCRIBD.COM                                                                                          DEFENDANTS

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART

Plaintiff, pursuing his claims *in forma pauperis*, asserted claims against Tishomingo County Sheriff's Department and Scribd.com under 42 U.S.C. Section 1983. On June 7, 2017, Plaintiff filed a Motion to Appoint Counsel. Thereafter, Plaintiff appeared before the magistrate judge for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his claims. Plaintiff alleges that someone from the Tishomingo County Sheriff's Department posted a newspaper article about his arrest and indictment on Scribd.com after his record was expunged, and Scribd.com has refused to remove the article.

The magistrate judge entered a Report and Recommendation that Plaintiff's case be dismissed. The magistrate judge found that Plaintiff had failed to state a viable claim because Plaintiff failed to name a proper Mississippi defendant, and because Plaintiff cannot establish any defamation claim or statutory violation under state law. Plaintiff objected, arguing that the magistrate judge improperly considered state law in determining the viability of Plaintiff's suit.

The capacity of an entity to sue or be sued "shall be determined by the law of the state in which the district court is held." FED. R. CIV. P. 17(b). *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). Under Mississippi law, the Tishomingo Sheriff's Department is not a political subdivision with a legal existence separate and apart from Tishomingo County. *See Brown v. Thompson*, 927 So. 2d 733, 737 (Miss. 2006) (citing *Conrod v. Holder*, 825 So. 2d

16, 19 (Miss. 2002); *Whiting v. Tunica County Sheriff's Dept.*, 222 F. Supp. 2d 809 (N.D. Miss. 2002)). Therefore, it is not the proper entity to be sued.

Furthermore, the Court agrees with the magistrate judge's ruling that Plaintiff has failed to allege a viable cause of action against Scribd.com. Claims against Scribd.com would not give rise to a claim under Section 1983, because it is not alleged to be a state actor. Furthermore, any potential defamation claim brought by Plaintiff would be futile because he admits that the information published by Scribd.com is true. In his *Spears* hearing, Plaintiff responded that he does not wish to proceed with a defamation suit, but offers no other claim or allegation recognizable by state or federal law. Therefore, this Court adopts the magistrate judge's Report and Recommendation [11].

However, "a document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 251 (1995) (internal citations omitted). Although Plaintiff failed to name a proper defendant in this matter, such failure "should not automatically or inflexibi[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F. 3d 239, 247 n.6 (5th Cir. 2000). Indeed, "[a]lthough a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Id.*; *Roberson v. McDonald Transit Ass., Inc.*, No. 3:14CV168-NBB-JMV, 2016 WL 2991142, at *3 (N.D. Miss. Apr. 20, 2016), report and recommendation adopted, No. 3:14CV168-NBB-JMV, 2016 WL 2994083 (N.D. Miss. May 23, 2016).

Therefore, this Court adopts the magistrate judge's Report and Recommendation [11] in part. Plaintiff is granted leave to amend his complaint so as to cure deficiencies as outlined herein. Plaintiff must file an amended complaint naming the appropriate party within 14 days. Failure to do so will result in dismissal with prejudice on all claims.

SO ORDERED this the 8th day of February 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE