UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ERIC DILWORTH                                                                PLAINTIFF(S)

V.                                                    CIVIL ACTION NO.1:17-CV-63-SA-DAS

TISHOMINGO COUNTY, MS                                                DEFENDANT(S)

ORDER DENYING MOTIONS

On February 5, 2019, the plaintiff, proceeding *pro* se, filed a motion for the issuance of a subpoena duces tecum to Scribd.com, a digital library. The plaintiff did not adequately describe what documents he wanted to subpoena from this California company. He also filed a motion to "quash" the defendant's objections to his discovery requests instead of a motion to compel.

The court at a status conference asked the plaintiff about information sought by subpoena. The court advised the plaintiff he needed to comply with the rules of the court and told him exactly what he needed to do in filing a motion to compel. The court entered an order confirming its oral: instructions to the plaintiff during the conference. The plaintiff has now filed two motions—one for a subpoena duces tecum and one to compel discovery—neither of which comply with the rules of procedure.

The plaintiff appears to want to have an affidavit prepared by Scribd.com memorializing a conversation he claims he had with one of their agents. Rule 45 of the Federal Rules of Civil Procedure is designed to require third parties to produce existing documentary evidence, not compel the creation of documents.[1] Furthermore, if Scribd.com voluntarily provided such an

---

[1] *Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 227 (N.D. Tex. 2016)( "As a general matter, a party cannot invoke Rule 34(a) to require another party to create or prepare a new or previously non-existent document solely for its production. *See, e.g.*, *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-cv-01644-REB-CBS, 2010 WL 502721, at *14 (D. Colo. Feb. 8, 2010) (collecting cases); *accord Marchese v. Sec'y, Dep't of the Interior*, Civ. A.

affidavit, it may not be admissible in court because it had not been subjected to cross-examination. The plaintiff has failed to employ the correct discovery tool for obtaining testimonial evidence, and thus, the motion is denied.

Likewise, the plaintiff has also filed a motion to compel, but again failed to comply with the rules of the court. While the court understands the difficulty faced by a layperson in representing themselves, *pro se* litigants are responsible for educating themselves about the rules of the court. Indeed, "although the pleadings filed by pro se parties are held to 'less stringent standards than formal pleadings drafted by lawyers,' pro se parties must still comply with the rules of procedure ….." *Ogbodiegwu v. Wackenut Corr. Corp.*, 202 F.3d 265, *2 (5th Cir. 1999) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The court finds that the motion to compel should be and it is denied. It was not filed in compliance with the rules of the court as ordered by the court. The court notes most of the discovery requests are not relevant to this action, and the defendant has indicated in its response that it has provided such information as exists that are relevant to this action.

SO ORDERED this the 19th day of March, 2019.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

---

No. 03-3082, 2004 WL 2297465, at *4 (E.D. La. Oct. 12, 2004) ("Rule 34 does not require a party responding to discovery to create responsive materials, only to produce those in its possession, custody or control." (emphasis removed)). Similarly, " Rule 45 'does not contemplate that a non-party will be forced to create documents that do not exist.' " *Georgacarakos v. Wiley*, No. 07-CV-01712-MSK-MEH, 2009 WL 924434, at *2 (D. Colo. Apr. 3, 2009) (quoting *Instituform Techs., Inc. v. Cat Contracting, Inc.*, 168 F.R.D. 630, 633 (N.D. Ill. 1996))."