IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ERIC DILWORTH                                                                                    PLAINTIFF

V.                                                                       CIVIL ACTION NO. 1:17-CV-63-SA-DAS

TISHOMINGO COUNTY MISSISSIPPI                                                                    DEFENDANT

MEMORANDUM OPINION

Eric Dilworth filed his original Complaint [1] in this case on April 26, 2017 against the Tishomingo County Sheriff's Department.[1] The Court entered a series of orders allowing the *pro se* Plaintiff to proceed *in forma pauperis*, *see* Order [4], and to amend his complaint to add the proper municipal defendant and to clarify the basis for federal jurisdiction, *see* Orders [14, 19, 30].

In his most recent Amended Complaint [31], the Plaintiff alleges that the Tishomingo County Sheriff's Department published information about his arrest and indictment on Scribd.com after his arrest and indictment had been expunged. The Plaintiff further alleges that this publication by the Sheriff's Department constituted an abuse of process, and public disclosure of a private fact in violation of Mississippi law. Now before the Court is the Defendant's Motion for Summary Judgment [52]. The Defendant requests dismissal of all the Plaintiff's claims, arguing that federal jurisdiction is lacking in this case. The issues are fully briefed and ripe for review.

*Standard of Review*

Federal Rule of Civil Procedure 56 governs summary judgment. Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the

---

[1] The Plaintiff was later given leave to amend his complaint to add Tishomingo County, Mississippi as the proper defendant in this case as the Sheriff's Department is not a suable entity. *See* Orders [14, 19]; FED. R. CIV. P. 17(b), *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991); *see also Brown v. Thompson*, 927 So. 2d 733, 737 (Miss. 2006) (citing *Conrod v. Holder*, 825 So. 2d 2 16, 19 (Miss. 2002); *Whiting v. Tunica County Sheriff's Dept.*, 222 F. Supp. 2d 809 (N.D. Miss. 2002)).

moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F. 3d at 1075. When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324, 106 S. Ct. 2548 (citation omitted). Mere "conclusory allegations, speculation, [or] unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." *Pree v. Washington Cty. Bd. of Supervisors*, No. 4:16-CV-122-SA, 2018 WL 522776, at *6 (N.D. Miss. Jan. 23, 2018) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1429 (5th Cir. 1996)). Mississippi substantive law applies in this diversity case. *See Cox v. Wal-Mart Stores E., L.P.*, 755 F. 3d 231, 233 (5th Cir. 2014) (citing *Wood v. RIH Acquisitions MS II, LLC*, 556 F. 3d 274, 275 (5th Cir. 2009)).

Finally, the Court notes that "a document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded must be held to less stringent standards than formal

pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 251 (1995) (internal citations omitted).

*Jurisdiction: Discussion & Analysis*

As noted above, the Defendant requests dismissal of this case arguing that this Court lacks jurisdiction over the Plaintiff's claims. It is undisputed that the Parties in this case are not diverse, and thus any basis for federal jurisdiction must be based on a federal question. "Federal courts are courts of limited jurisdiction, having the power to hear only cases that present a federal question or are between citizens of different states. *Quinn v. Guerrero*, 863 F.3d 353, 358–59 (5th Cir. 2017), *cert. denied,* 138 S. Ct. 682, 199 L. Ed. 2d 537 (2018) (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006)). To support jurisdiction based on a federal question, "the plaintiff's federal question must appear on the face of his well-pleaded complaint. *Id.* at 359 (citing *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008)). "The plaintiff need not specifically cite a federal provision such as Section 1983, *Johnson v. City of Shelby*, ⸺ U.S. ⸺, 135 S. Ct. 346, 346–47, 190 L. Ed. 2d 309 (2014) (per curiam), but he must allege facts sufficient to establish a colorable issue of federal law." *Id.*, (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391–92, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)).

A review of the entire record of this case reveals that the Plaintiff has only alleged state law causes of action despite numerous opportunities to restate his claims, name the proper defendants, and to clarify any basis for federal jurisdiction. *See* Orders [14, 19, 30], Amended Complaints [16, 31], Response [43]. Abuse of process and public disclosure of a private fact are clearly state law claims. Further, the Plaintiff has not alleged, factually or legally, any potential constitutional violations, or even any facts from which the Court could infer one. In order to sustain

a Section 1983 claim a plaintiff must demonstrate that his constitutional rights were violated, and that the violation is attributable to the enforcement of a County policy or practice. *Saenz v. City of El Paso*, 637 F. Appx. 828, 831 (5th Cir. 2016) (citing *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010). The Plaintiff has failed to highlight any potential constitutional violation despite multiple opportunities for clarification.

Because this Court lacks jurisdiction over this case, the Court will not reach the potential merits of the Plaintiff's alleged state law claims, and the Defendant's Motion for Summary Judgment is granted to the extent it requests dismissal of the case.

*Conclusion*

For all of the reasons fully explained above, the Defendant's Motion for Summary Judgment [52] is GRANTED in part, and DENIED in part. This CASE is DISMISSED without prejudice for lack of subject matter jurisdiction. The Defendant's request for summary judgment in its favor on the Plaintiff's claims is DENIED, as is its request for attorney's fees under 42 U.S.C. §1988 as the Court did not reach the merits of the Plaintiff's claims.

It is so ORDERED on this the 30th day of April, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT COURT JUDGE